IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHAD ANTHONY RAY, | § § | |
| Movant, | § § | |
| V. | § § | NO. 7:20-CV-049-O |
| | § | (NO. 7:19-CR-010-O) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Chad Anthony Ray, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the record, including the record in the underlying criminal case, No. 7:19-CR-010-O, styled "United States v. Randall Dizon, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On July 9, 2019, movant was named with others in indictment charging him with conspiracy to distribute more than fifty kilograms of marijuana, in violation of 21 U.S.C. § 846. CR Doc.[1] 1. Movant entered a plea of not guilty. CR Doc. 26. He was tried by a jury and found guilty. CR Doc. 158. Movant was sentenced to a term of imprisonment of fifty months. CR Doc. 234. He filed a notice of appeal. CR Doc. 248. On February 13, 2020, the appeal was dismissed on movant's motion. CR Doc. 249.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:19-CR-010-O.

## II. GROUND OF THE MOTION

Movant asserts one ground in support of his motion. As best the Court can tell, he argues that he is being held in violation of the Constitution because the government had no compelling reason to enact marijuana laws. Doc.[2] 6 at PageID[3] 21.

## III. APPLICABLE LEGAL STANDARDS

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers on the document are not the actual page numbers.

## IV. ANALYSIS

Movant's ground is clearly one that could and should have been raised on appeal. It cannot be raised here without a showing of cause and prejudice. *Shaid*, 937 F.2d at 232. Movant says that he did not raise this ground before due to ineffective assistance of counsel. Doc. 6 at PageID 22. In particular, movant's counsel believes that marijuana laws are constitutional. *Id.* Ineffective assistance can be cause, but movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

In this case, movant simply makes conclusory allegations to the effect that he disagrees with marijuana laws. That his counsel did not share his opinion is not evidence that counsel was

ineffective. Congress has the authority to regulate and criminalize marijuana under the Commerce Clause. *Gonzales v. Raich*, 545 U.S. 1 (2005). Movant's counsel cannot have been ineffective for failing to raise a meritless argument. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Because movant cannot show cause for his procedural default, he cannot proceed with his ground here. *Shaid*, 937 F.2d at 232.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 16th day of April, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**